```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRIAN ROSS,                                                    MEMORANDUM
                          Plaintiff,                           AND ORDER
        - against –
CITY OF NEW YORK, et al.,                                      10-CV-4937 (NGG) (JO)
                          Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff Brian Ross ("Ross") filed a Complaint on October 27, 2010, that accused the New York City Department of Education and several of its employees of having unlawfully retaliated against him for engaging in speech protected by the First Amendment. See Docket Entry (DE") 1 ("Complaint"). The deadline for filing presumptively timely amendments passed on May 20, 2011. DE 9 (Case Management and Scheduling Order) at 1. On September 10, 2012, after the parties had completed both discovery and the briefing on the defendants' motion for summary judgment, Ross moved to file an Amended Complaint that would allege instances of protected speech omitted from the original pleading as well as additional acts of retaliation. DE 52. The defendants oppose the motion on the grounds of undue delay, prejudice, and futility. DE 53. Upon a referral from the Honorable Nicholas G. Garaufis, United States District Judge, I now grant the motion.[1]

---

[1] The case law of this circuit is inconsistent as to whether a magistrate judge has the authority to deny a motion to amend where, as a practical effect, such a ruling is dispositive. *Compare Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) (remanding to district court to conduct *de novo* review of magistrate judge's denial of leave to amend which effectively dismissed state law claims) (citing *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008)) *with Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (characterizing a motion to amend as a "nondispositive" motion that a magistrate judge may decide) *and Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 584 (2d Cir. 2003) (same) *and Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 11 (2d Cir. 2002) (citing 28 U.S.C. § 636(b)(1)(A) as authority for the proposition that a magistrate judge had authority to deny a motion to amend the complaint). Regardless of whether the denial of a motion to amend should be considered "nondispositive," it is apparent that permitting an amendment cannot dispose of a claim or defense. I therefore conclude that under any reading of applicable law, I have authority to grant the instant motion.

I.  Background

In his original Complaint, Ross alleged that he has at all relevant times been a teacher of physical education ("PE") at New York City Public School 132. In April 2010, he was assigned to teach PE classes in the "Settlement House," a building not located on the School grounds. Ross alleged that he expressed concerns to his assistant principal and principal (defendants Danielle Santoro and Beth Lubeck-Ceffalia, respectively) about the safety and security of using the Settlement House for such classes. Unsatisfied with the school officials' response, Ross also expressed his concerns to his union and, by means of an anonymous complaint, to the federal Occupational Safety and Health Administration. Ross contends that as a result of those expressions of concern, from April 30 through October 13, 2010 (a period beginning almost immediately after his initial expressions of concern and running until two weeks prior to the date of the Complaint), the defendants retaliated against him in a variety of ways, including disciplinary letters, negative evaluations, and a negative annual evaluation that resulted in a reduction in pay.

In advance of the initial discovery planning conference, the parties submitted a joint discovery plan in which they proposed May 20, 2011, as the date by which they would complete the joinder of any additional parties and the amendment of any pleadings, and further proposed to complete all discovery by August 26, 2011. DE 7. After meeting with the parties and discussing the case and its discovery needs, I adopted those proposals in a Case Management and Scheduling Order dated March 23, 2011. DE 9. The parties completed discovery on time, and without any party indicating that any additional time was needed either for further discovery or to amend the pleadings. *See* DE 13; DE 20.

The parties then proceeded to litigate the defendants' motion for summary judgment. *See* Minute Entry dated November 10, 2011. The defendants served their motion papers on Ross's counsel on January 13, 2012. DE 35. Ross then sought and received two extensions of his deadline to respond to the motion. Order dated February 10, 2012; DE 31. It was only after he obtained that second extension that Ross first set out to add new allegations to his Complaint by filing a letter on March 9, 2012, requesting a pre-motion conference in anticipation of filing a motion to amend. *See* DE 32. Ross supplemented that request in a letter dated July 11, 2012, in which he alleged an additional adverse employment action that had occurred in previous month that he also wished to add to the Complaint. DE 47. Neither letter included a proposed new pleading.

Upon receiving the latter request, the court dispensed with the pre-motion conference and referred the matter to me to set a briefing schedule for and then to decide the motion to amend, and to issue a report and recommendation "as to whether the summary judgment motion should be held in abeyance pending briefing and resolution of Plaintiff's motion to amend." Order dated July 12, 2012. Upon receiving that referral, I convened a telephone conference to discuss the proposed amendment in the hope of forging an agreement that might obviate the need for motion practice.

At first, it appeared that the parties had reached such an agreement that needed only to be reduced to writing once the defendants saw the specific pleading that Ross proposed to file:

> The parties [agreed] in principle …. that (1) the plaintiff will be permitted to amend his complaint on consent without prejudice to the defendants' right to challenge the legal sufficiency of the new claims via supplemental briefing on the pending motion to amend; (2) should any of the plaintiff's claims survive the ruling on the summary judgment motion, the parties would then conduct limited supplemental discovery concerning the newly-alleged acts of retaliation; and (3) the parties would not file any further summary judgment motions upon the completion of such supplemental discovery. In light of that agreement, I respectfully recommend that the court hold the pending summary judgment motion in abeyance until the parties complete the anticipated supplemental briefing on that motion.

DE 48. However, after seeing the proposed pleading, the defendants came to the conclusion that it included "new factual allegations that contradict the statements made by plaintiff in his deposition testimony," and that they would therefore oppose the amendment and litigate the instant motion. DE 50 at 1. The parties then submitted the fully briefed motion on September 10, 2012.

In his proposed Amended Complaint, DE 52-3 (the "PAC"), Ross alleges new facts but purports to assert no new causes of action. In particular, he includes new allegations about the instances of speech for which he contends the defendants unlawfully retaliated against him, as well as new allegations about the specific adverse employment actions that constituted such retaliation. The newly alleged instances of speech include the following:

- statements to three colleagues on April 26-27, 2010, in which Ross expressed his concerns about the conditions at the Settlement House, PAC ¶¶ 19a, 19b, 19d, 24a; *see also id*. ¶ 19(c) (alleging that unspecified "[d]efendants testified that it was [Ross's colleagues] who informed them" that Ross expressed concerns about conditions at the Settlement House);

- the allegations set forth in the original Complaint that Ross filed on October 27, 2010, *id*. ¶ 84a; *see also id*. ¶ 84c (alleging that on the day he filed the lawsuit, school officials met to discuss the case and anticipated media contacts about it);

- statements that Ross made on October 27, 2010, "to the press about his concerns with the … conditions at the Settlement House," *id*. ¶ 84b; *see also id*. ¶ 84(d) (alleging press accounts about Ross's complaints).

The newly alleged retaliatory actions include events that occurred as early as October 28, 2010 (the day after Ross filed the initial Complaint) and as late as June 15, 2012 (after Ross first sought leave to file an Amended Complaint). *See id*. ¶¶ 84e-84i.

II. Discussion

In light of the fact that Ross seeks to amend his complaint by adding factual allegations long after the deadline for presumptively timely amendments, the instant motion implicates three

4

rules. First, as a general matter, the court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (court should grant leave to amend absent reasons to deny the application such as "undue delay, … undue prejudice to the opposing party … [or] futility of amendment"). Second, because Ross failed to meet the deadline for amendments that the parties jointly proposed, he must demonstrate "good cause" for the delay. *See* Fed. R. Civ. P. 16(b)(4); *see also*, *e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011); *Hogan v. J.P. Morgan Chase Bank*, 2008 WL 4185875, at *2 (E.D.N.Y. Sept. 4, 2008). Third, even as late as a trial, and even in the face of an objection "that evidence is not within the issues raised in the pleadings …. [t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1); *see also* Fed. R. Civ. P. 15(d) (relating to supplemental pleadings).

Considering the instant dispute in the context of that legal framework, I conclude that the resolution to which the parties tentatively agreed is appropriate, and that the court should order that resolution even over the defendants' objection. To be sure, although some of the facts that Ross now seeks to allege occurred only after the presumptive deadline for seeking leave to amend, Ross knew of several others long before that deadline.[2] His failure to do so would justify denying him

---

[2] Ross plainly had enough information to be able to assert at the outset of the litigation all of the new allegations about his statements to others. What is less clear is that he had enough information before the deadline for seeking leave to amend to know that the defendants would litigate the case in such a way as to make it worthwhile for him to include those allegations in an amended complaint. The same cannot be said about the retaliatory conduct that Ross claims occurred between October 28, 2010, and May 10, 2011. In light of his view that the defendants had already taken several retaliatory actions against him, if Ross perceived such additional employment actions to be adverse, he had no reason to delay amending his complaint to include such allegations before the deadline.

leave to allege facts that he knew, and that he should have understood to provide a basis for amending his pleading, prior to the deadline of May 10, 2011. *See*, *e.g.*, *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 2012 WL 98493, at *2 (S.D.N.Y. Jan. 11, 2012); *Lamothe v. Town of Oyster Bay*, 2011 WL 4974804, at *6 (E.D.N.Y. Oct. 19, 2011).

Such needless delay was inappropriate, but that does not necessarily mean that it makes sense to deny Ross leave to file his Amended Complaint. *See*, *e.g.*, *Go v. Rockefeller Univ.*, 2008 WL 619039, at *4 (S.D.N.Y. Mar. 6, 2008) ("Delay alone, in the absence of bad faith or prejudice, is usually not a sufficient reason for denying a motion to amend.") (collecting cases). Ross seeks to assert facts that would likely be deemed relevant and admissible even if they could not independently serve as the basis for a verdict in his favor on either of the existing causes of action. Thus, if the defendants are correct in arguing that some or all of the new allegations should be precluded as futile, the amendment will cause them no prejudice at all; if the defendants are incorrect in that regard, denying the amendment would impair the parties' ability to secure a fair resolution of the case on the merits.[3] It would also lead to the possibility of inconsistent results should the plaintiff, having been denied the opportunity to include the new allegations as part of this lawsuit, file a new action based on the allegations at issue here.

I decline to prohibit the amendment on the basis of any prejudice to the defendants. By proceeding in the manner to which the parties tentatively agreed before Ross submitted the PAC, the defendants will not suffer any undue discovery burdens: should they prevail on their motion for

---

[3] The defendants contend that some of the new allegations would be futile in the sense that they could not independently support a finding of liability. Whatever determination I might make in that regard would be subject to review by Judge Garaufis, who will in any event resolve in the first instance a number of similar issues when he addresses the pending motion for summary judgment. Allowing the parties to present their arguments on the viability of Ross's new allegation in the context of supplemental briefing on summary judgment, rather than purporting to resolve them here, will reduce the risk of inconsistent results and therefore promote efficiency.

summary judgment, they will require no supplemental discovery at all; to the extent Ross's claims survive, they will bear no more than the burden of engaging in discovery as to claims that have been found sufficiently meritorious to warrant a jury trial. The latter burden is in no sense undue.

Nor am I persuaded that the defendants will suffer any undue burden by defending against factual allegations that they deem to be inconsistent with Ross's deposition testimony. If, as the defendants contend, it is "impermissible" for Ross to file a pleading at odds with his former testimony, DE 53 (defendants' memorandum of law) at 5, the court can so hold in resolving the motion for summary judgment. But to the extent the parties disagree as to whether Ross's new pleading is in fact irreconcilable with his prior testimony, the question is a factual one for a jury to resolve; the need to litigate such a factual dispute is not a cognizable burden that suffices to preclude Ross from amending his pleading.

III.  Conclusion

For the reasons set forth above, I grant the plaintiff's motion to amend the Complaint, without prejudice to the parties' right to seek to supplement their submissions on the pending motion for summary judgment by reference to the arguments concerning futility that they submitted in connection with the instant motion to amend. To the extent that the court denies summary judgment with respect to any claim, I will entertain an application to re-open discovery for the limited purpose of exchanging information in advance of trial (but not as a predicate for any further motion for summary judgment) concerning the newly-alleged acts of retaliation.

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2013

        /s/
JAMES ORENSTEIN
U.S. Magistrate Judge

7